UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NATHANIEL BROOKS**
     Plaintiff,

vs.

**CITY OF CLEARWATER,
AND JOSEPH ROSETO**
     Defendants.

Case No. 8:21-cv-_____

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, **NATHANIEL BROOKS**, by and through undersigned counsel, and hereby sues the Defendants, **CITY OF CLEARWATER and JOSEPH ROSETO**, and as grounds, states as follows:

### JURISDICTION

1.    This Court has jurisdiction pursuant to Title VII, 42 U.S.C. §2000e-1 – 17; 42 U.S.C. §1981 and based on 28 U.S.C.A.§§ 1331 and 1343(4).

### PARTIES

2.    Plaintiff, **NATHANIEL BROOKS**, was an employee with the **CITY OF CLEARWATER** (Clearwater Fire & Rescue) (CFR). The Plaintiff is a Black African-American, and, as such, a member of a protected class under Title VII.

3.    The Defendant, **CITY OF CLEARWATER**, is a municipality as was the employer of the Plaintiff, NATHANIEL BROOKS, as part of the Clearwater Fire & Rescue (CFR).

4.    The Defendant, **CITY OF CLEARWATER**, has hundreds of

employees and is subject to the Federal Court jurisdiction.

5.      Steve Strong was an assistant chief with the **CITY OF CLEARWATER** (Clearwater Fire & Rescue – CFR) who "claims" to have received an "anonymous tip," a written document about Plaintiff, **NATHANIEL BROOKS**, never produced, used as a pretext to wrongfully terminate Plaintiff, **NATHANIEL BROOKS**, and to retaliate against Plaintiff, **NATHANIEL BROOKS**.

6.      The Defendant, **JOSEPH ROSETO**, was the Director of Human Resources for the **CITY OF CLEARWATER** and acted to retaliate against Plaintiff, **NATHANIEL BROOKS**, and to discriminate against Plaintiff and caused the wrongful retaliatory termination of Plaintiff, **NATHANIEL BROOKS**, and acted to retaliate even after the **CITY OF CLEARWATER** lost the Arbitration and the Arbitrator found that **BROOKS** was wrongfully terminated without just cause and for racial bias and retaliation. (See Arbitration Ruling of August 20, 2018.)

## PROCEDURAL STATUS AS TO EEOC FILINGS AND RIGHT TO SUE

7.      Plaintiff, **NATHANIEL BROOKS**, first filed a charge of discrimination with the EEOC in July 30, 2014 which charge for discrimination for not being promoted to Rescue Lieutenant which was not pursued in court within 90 days.

8.      Plaintiff, **NATHANIEL BROOKS**, filed a charge of retaliation and discrimination on July 30, 2015 (Addendum) with the EEOC. The Plaintiff, **NATHANIEL BROOKS**, received a Right to Sue letter on September 30, 2021 and timely filed this Complaint within 90 days.

9.     The Plaintiff, **NATHANIEL BROOKS**, filed a charge of discrimination and retaliation on March 30, 2017 with the EEOC. The Right to Sue letter on that charge was issued November 24, 2021 and Plaintiff has timely filed this Complaint within 90 days.

10.     The Plaintiff, **NATHANIEL BROOKS**, filed a charge of discrimination for race, color, age and retaliation on May 16, 2019 with the EEOC. The Right to Sue letter on that charge was issued September 30, 2021 and timely filed this Complaint within 90 days.

11.     Plaintiff, **NATHANIEL BROOKS**, has complied with all conditions precedent for this suit.

12.     Plaintiff has exhausted all administrative remedies.

### GENERAL ALLEGATIONS

13.     The Plaintiff, **NATHANIEL BROOKS**, is an employee of the City of Clearwater Fire & Rescue (CFR) since September 5, 2005.

14.     The Plaintiff, **NATHANIEL BROOKS**, started his EMS career in January 1994 with the El Paso, Texas Fire Department. Plaintiff, **NATHANIEL BROOKS**, started as an EMT and became a paramedic in March of 1995. (Plaintiff worked as a paramedic with the El Paso, Texas Fire Department until August 2002.)

15.     Prior to that time, Plaintiff, **NATHANIEL BROOKS**, had served in the U.S. Army as an E4 Specialist as (Power Generator Technician) for 4 years with the U.S. Army in Fort Bliss, El Paso, Texas, and **NATHANIEL BROOKS** was

honorably discharged as a Power Generator Technician for the U.S. Army.

16.     The Plaintiff, **NATHANIEL BROOKS**, moved to Hillsborough County, Florida, in August of 2003 and worked for Pinellas County Sunstar Ambulance Service as a paramedic from August 2003 until being hired by the Hillsborough County Fire Department in January 2004 as a Firefighter/Paramedic.

17.     The Plaintiff, **NATHANIEL BROOKS**, left in November of 2004 with his wife as she wanted to move back to El Paso, Texas. The Plaintiff, **NATHANIEL BROOKS**, and his wife moved back to Hillsborough County, Florida in May 2005.

18.     Upon return from El Paso, Plaintiff, **NATHANIEL BROOKS**, applied for employment with the **CITY OF CLEARWATER (CFR)** in June of 2005.

19.     The Plaintiff, **NATHANIEL BROOKS**, was hired as a paramedic/firefighter (Fire Medic) with **the CITY OF CLEARWATER (CFR)** before he could be rehired by Hillsborough County which would have started at a later date.

20.     Plaintiff, **NATHANIEL BROOKS**, always met Defendant, CFR's legitimate employment expectations, had good reviews and performance evaluations and was well-qualified for the job with the **CITY OF CLEARWATER** and for promotions Plaintiff sought. Plaintiff, **BROOKS**, started going to school for his Associates Degree in Fire Science Technology (February 2016) and completed his Bachelor's Degree in Fire Administration (January 2018) and later his Master's Degree in Public Administration (May 2020).

21.     The Plaintiff, **NATHANIEL BROOKS**, further qualified himself by

attaining certifications for Advance Cardiac Life Support, CPR instructor, Pediatric Advanced Life Support, Pre-Hospital Trauma Life Support, and Blue Card: Incident Command Certified.

22.     The Plaintiff, **NATHANIEL BROOKS**, <u>never</u> received a negative review of any kind with the **CITY OF CLEARWATER (CFR)** while employed with the Fire Department. The Plaintiff, NATHANIEL BROOKS, also <u>never</u> received a negative review from Hillsborough County when he was employed at the Hillsborough County Fire Department.

23.     Plaintiff, **NATHANIEL BROOKS**, sought the Rescue Lieutenant position with the **CITY OF CLEARWATER** and was denied five (5) times.

24.     Plaintiff, **NATHANIEL BROOKS**, is a Black African American and no Black African American had ever served as Rescue Lieutenant at the **CITY OF CLEARWATER** (Clearwater Fire & Rescue) prior to **NATHANIEL BROOKS**.

25.     There are only three (3) Rescue Lieutenants in the **CITY OF CLEARWATER** (Clearwater Fire & Rescue).

26.     Many of the Rescue Lieutenants at CFR go on to become assistant chiefs with the Clearwater Fire & Rescue/CFR.

27.     The Plaintiff, **NATHANIEL BROOKS**, had a good relationship with employees he worked with within the Clearwater Fire & Rescue (CFR) and had excellent credentials for Rescue Lieutenant.

28.     The Plaintiff, **NATHANIEL BROOKS**, should have been made a Rescue Lieutenant, and but for his race/color, would have been promoted by 2012.

(In fact, **NATHANIEL BROOKS** was even acting Rescue Lieutenant for 7 months (from November 1, 2015 to May 2016) but still not made Rescue Lieutenant. No other acting LRs had stayed in the LR position for that long a period of time without being promoted, except for Plaintiff, **NATHANIEL BROOKS**.

29.      Plaintiff, **NATHANIEL BROOKS**, filed an EEOC complaint for dismissal and failure to promote to Rescue Lieutenant on July 30, 2015.

30.      The Plaintiff, **NATHANIEL BROOKS**, started applying for the Rescue Lieutenant position in 2010 and continuously applied and was on 4 promotion lists.

31.      It became obvious by 2014 after being denied three (3) promotions that the only reason **NATHANIEL BROOKS** was not being promoted to Rescue Lieutenant for the Clearwater Fire & Rescue was based on his race/color.

32.      The Plaintiff, **NATHANIEL BROOKS**, started to complain in 2014 (3rd rejection of promotion) and filed an EEOC Complaint which was not pursued to suit. This suit is not based on this EEOC claim but the 3 other subsequent EEOC Complaints.

33.      The Plaintiff, **NATHANIEL BROOKS**, then started to make numerous inquiries and public record requests which high-lighted the disparity (in the treatment of the Plaintiff with respect to others, similarly situated that are not in a protected class) between his lack of promotion as a Black African American and the obvious failure to promote due to his Black African American heritage and his color. (**BROOKS** continued to enjoy a good relationship with working personnel

and rank and file in the Clearwater Fire & Rescue.)

34.     It was obvious the retaliation and discrimination, and the denial of equal treatment as to promotions, was coming from from Clearwater Fire & Rescue management and HR which Plaintiff had no daily working relationship with.

35.     The Defendant, **JOSEPH ROSETO**, Director of HR, would never meet with Plaintiff, NATHANIEL BROOKS, to address his promotion and the disparity of treatment as to promotions for the LR position.

36.     The Plaintiff, **NATHANIEL BROOKS**, was promoted to Fire Lieutenant in October 2012. The Fire Lieutenant position was a promotion but there are many Fire Lieutenants in CFR.

37.     The Plaintiff, **NATHANIEL BROOKS**, (as a result of a grievance complaint to HR) was subjected to racial animus in an involuntary retaliatory transfer at first by transfer off the beach to another shift. (The beach was a favored location.)

38.     The transfer occurred October 21, 2015 which was 11 days after Plaintiff, **NATHANIEL BROOKS**, complained (in a protected Title VII activity) of a hostile work environment because the Plaintiff was yelled at for turning off the ringtone on his cell phone during a meeting when another person's phone rang and that person took the call and received no repercussions or yelling.

39.     Plaintiff, **NATHANIEL BROOKS,** filed a timely second EEOC addendum regarding retaliation on January 22, 2016.

40.     The Fire Department Union filed a grievance over Plaintiff,

**NATHANIEL BROOKS'** transfer from the beach which was denied by the chief of emergency management of the Fire Department.

41.     The Plaintiff, **NATHANIEL BROOKS**, sent an email on February 3, 2016 to **JOSEPH ROSETO** and others about lack of promotions for Black African Americans and minorities in management and Rescue Lieutenant positions. (**JOSEPH ROSETO** never responded, except to retaliate and ultimately unlawfully terminate **NATHANIEL BROOKS** while ignoring the fact the unrelated matter he was asserting was false.)

42.     Plaintiff, **NATHANIEL BROOKS**, continued to apply for the Rescue Lieutenant(LR) position, even though he was still on the current eligible for promotion list that had not yet expired.

43.     Then in April 2016, the Plaintiff, **NATHANIEL BROOKS**, in an email to Human Resources, complained about the testing process because Plaintiff received high marks on the written test, only to be changed by subjective decisions.

44.     Plaintiff, **NATHANIEL BROOKS**, was denied two other promotions for Rescue Lieutenant in July 2016 and August 2016, even though Plaintiff, **NATHANIEL BROOKS**, served as the acting Rescue Lieutenant for 7 months (from November 1, 2015 until May 2016). Plaintiff, **BROOKS**, was on the list to be promoted and Defendants let their list expire and Defendant chose someone over Plaintiff.

45.     No one (except **NATHANIEL BROOKS**) had ever acted more than a month as a Rescue Lieutenant (LR) without getting the promotion. Once again, it

was clear that the basis for Plaintiff, **NATHANIEL BROOKS**, not being promoted to Rescue Lieutenant was the Plaintiff's race and color and in retaliation for **NATHANIEL BROOKS'** complaints and nothing to do with his credentials or abilities.

46.     In May 2016, there was also a denial of promotion to the Assistant Chief position, and **BROOKS** was denied on two LR promotions in July 2016 and August 2016.

47.     After the Plaintiff, **NATHANIEL BROOKS**, had complained about Black African Americans being overlooked for management positions, two other Black African Americans were promoted who had never applied to be Assistant Chiefs and Plaintiff, **NATHANIEL BROOKS**, was again discriminated and retaliated against, suddenly becoming the victim of an "anonymous tip" and multiple false allegations by **ROSETO** who refused to even listen to the obvious and clear falsity of the allegation(s) which were all unrelated to Plaintiff's job at the CFR.

48.     Plaintiff, **NATHANIEL BROOKS**, had, in a series of emails (protected activity under Title VII), June 7, 2016, June 14, 2016, July 24, 2016 and August 11, 2016, again communicated with Clearwater Fire Department his desires for equal treatment and non-discriminatory treatment.

49.     Despite these communications, not only was there no response by Defendant, CFR and Human Resources about these, but retaliation occurred based on an "anonymous tip," created as a pretext to rationalize a baseless investigation

of **NATHANIEL BROOKS,** willfully trying to justify the baseless termination of **NATHANIEL BROOKS** (for matters and allegations completely unrelated to **BROOKS'** many years of employment and current employment with CFR and which grounds had never been used to terminate a CFR employee).

50.     The Defendant **ROSETO** attempted multiple times to get Plaintiff, **NATHANIEL BROOKS,** to quit CFR and refused to listen to any of **BROOKS** information showing **ROSETO** he was accusing **BROOKS** of patently untrue allegations, none of which had anything to do with Plaintiff's job and performance with CFR and the **CITY OF CLEARWATER.**

51.     The Plaintiff, **NATHANIEL BROOKS,** was being retaliated against for his insistence on being treated equal and for his EEOC complaints protected actions.

52.     In a July 24, 2016 email, Plaintiff, **NATHANIEL BROOKS,** sent a 4-page email to Equity Services/ Department of Human Resources with the **CITY OF CLEARWATER,** detailing lack of diversity in the CFR (upper level management), harassment, unequal treatment, and retaliatory acts.

53.     Defendants failed to respond or schedule a meeting with the Plaintiff, **NATHANIEL BROOKS,** regarding the very important email (July 24, 2016) and instead, sent two CFR Assistant Chiefs to the Plaintiff's station to inform Plaintiff that because of an anonymous tip received by Fire Chief Weiss to inform Plaintiff that he was being investigated.

54.     On October 2, 2016, two Assistant Chiefs (CFR) showed up at Station

49 and told Plaintiff his background was being investigated and that **NATHANIEL BROOKS** had a meeting with Human Resources, with no warning as to what it was about.

55.    On August 5, 2016, Plaintiff, **NATHANIEL BROOKS**, once again was denied the Rescue Lieutenant promotion for the fifth time. The Defendants evaded any efforts to address Plaintiff's complaints over discrimination and failure to promote Plaintiff, **NATHANIEL BROOKS**, due to race discrimination.

56.    On October 14, 2016 at the meeting with Human Resources, Plaintiff, **NATHANIEL BROOKS**, was told there was an "anonymous tip" received by the Fire Chief. (No one has ever provided a copy of this anonymous tip or what the tip was, and to this day, no one has a copy of it and Steve Strong was not mentioned.)

57.    The investigation appeared to be about a criminal charge in Texas when Plaintiff, **BROOKS**, was 19-years old and the matter had been over 11 years prior to Plaintiff's employment started with CFR in 2005, and was 27-years old when it was used as the cause for his termination.

58.    Later, at the Arbitration Hearing on the Union grievance (after Plaintiff was wrongfully terminated since December 22, 2016), Assistant Chief, Steve Strong, stated under oath that he had received the written anonymous tip and that it was in writing and left on his car, but the "anonymous tip" was never produced. (Before Steve Strong's testimony at Arbitration, no one had ever mentioned Steve Strong, nor did anyone say a written note was on his windshield which note was never produced, even to this day.)

59.     The Plaintiff, **NATHANIEL BROOKS**, was wrongfully terminated with the **CITY OF CLEARWATER** on December 22, 2016 (after **ROSETO's** biased investigation ignoring the actual facts) and **NATHANIEL BROOKS** was denied his pay and benefits and job.

60.     **ROSETO** was creating and claiming non-existent conviction of Plaintiff, **BROOKS**, from before **BROOKS** starting working at CFR in 2005. (This occurred when **BROOKS** was 19-years old and lived in Texas at the time.)

61.     The Union filed a grievance for Plaintiff, **NATHANIEL BROOKS**, which went to Arbitration hearing on February 20, 2018 and May 3 and 4, 2018, and the Arbitrator rendered his decision on August 20, 2018 in favor of **BROOKS** as there were no grounds for **NATHANIEL BROOKS'** termination and that he should be made whole and reinstated. (August 20, 2018 Arbitration Award.)

62.     The Arbitration ruling confirmed **BROOKS** was wrongfully terminated without just cause and should be fully reinstated, with the Arbitrator finding likely racial animus in the harsh treatment of the Plaintiff, **NATHANIEL BROOKS**.

63.     The Defendants then continued to <u>retaliate and discriminate</u> against Plaintiff, **NATHANIEL BROOKS**, immediately after his reinstatement and the <u>Arbitration Ruling of August 20, 2018</u> which made it clear **BROOKS** was wrongfully terminated without just cause and because of race discrimination.

64.     The Defendant, **ROSETO**, intentionally did not make Plaintiff, **BROOKS**, whole financially, and **BROOKS** was shortchanged the monies that

were owed to him by Defendant, **JOSEPH ROSETO**, and tried to force **NATHANIEL BROOKS** to sign a release.

65. The Defendant, **JOSEPH ROSETO**, had entered upon a scheme to retaliate after **BROOKS** won the Arbitration awarding reinstatement by trying to force Plaintiff, **BROOKS**, to quit or resign by requiring **BROOKS** to attend a new recruit school and fully participate in all new recruit activities as a new recruit and testing with 7 other recruits who had never worked in the Clearwater Fire & Rescue or had very little experience.

66. These other recruits ranged from age 22 – 28 years old and none were Black African Americans. The Plaintiff, **NATHANIEL BROOKS**, is a Black African American and was 50 years old and was a Lieutenant with 24 years' experience.

67. The Plaintiff, **NATHANIEL BROOKS**, was terminated two days before Christmas 2016 (12/22/16, effective 12/27/16), even though the Defendant **ROSETO** knew that the charges were invalid, baseless and untrue and were a ruse to wrongfully terminate and retaliate against **BROOKS** on grounds that had never been done to other employees with the Clearwater Fire & Rescue/CFR, or **CITY OF CLEARWATER**.

68. The investigation, termination and failure to promote Plaintiff, **NATHANIEL BROOKS**, was a retaliatory and discriminatory act by the Defendants and intended to maliciously hurt and injure the Plaintiff, **NATHANIEL BROOKS**, and deprive him of his income, salary and livelihood and to punish Plaintiff, **NATHANIEL BROOKS,** for his protected right to seek redress.

69.     The Defendants knew that no one had ever been terminated over the allegations that were now made against **BROOKS** who had an excellent employment history with the **CITY OF CLEARWATER** and good reviews and was even serving as the acting Rescue Lieutenant (LR) for 7 months and yet Defendants' acts to cause him humiliation, and pain and suffering (as retaliation for his protected actions).

70.     The Defendant, **ROSETO,** was at all times in a position to stop the unfair and discriminatory and retaliatory conduct against Plaintiff, **BROOKS,** but intentionally refused to do so and continued the retaliation to wrongfully dismiss **NATHANIEL BROOKS** and punish him even after reinstatement.

71.     The Defendants not only did that, but engaged in further retaliatory conduct, to wit: by conditioning the Plaintiff's reinstatement by requiring attendance and full participation at a new recruit class for months.

72.     This had never been done to anyone who had been terminated (or had a leave of absence) from the Fire Department (CFR) or reinstated even after an extended period of time.

73.     The Defendants, **ROSETO** and **CITY OF CLEARWATER,** were well aware that this type of retaliation had never been done before and was designed to force **BROOKS** into resigning from Clearwater Fire & Rescue and to retaliate against **BROOKS**.

74.     The Plaintiff, **NATHANIEL BROOKS**, endured the humiliation and intended degradation by the Defendants to try to get **NATHANIEL BROOKS** to

resign and by Defendant's shortchanging **BROOKS** on the monies owed to him to make him whole.

75.     On September 27, 2018, Plaintiff, **NATHANIEL BROOKS**, was reinstated and made Rescue Lieutenant, but now Defendants acted in retaliation to force a resignation and punish **BROOKS** physically and emotionally and hurt his reputation.

76.     However, as indicated above, the Defendant was now acting to make Plaintiff, **NATHANIEL BROOKS**, resign - - a clear retaliation for a protected action. The new recruit school not only was humiliating and caused physical injury to BROOKS physically, but also denied him pay he would have earned for overtime and other service benefits.

77.     The **CITY's** retaliatory investigation and subsequent termination of the Plaintiff, **NATHANIEL BROOKS**, as ruled by the Arbitrator on August 20, 2018 was unfair, totally unreasonable, and arbitrary and capricious only explainable by racial prejudice and animus and retaliation for **BROOKS'** protected actions.

## COUNT I – DISCRIMINATION AND RETALIATION
## (THE EEOC JULY 30, 2015 WITH ADDENDUM JANUARY 22, 2016)

78.     Plaintiff, **NATHANIEL BROOKS**, repleads paragraphs 1 through 77 (General Allegations) as though fully set forth herein.

79.     Plaintiff, **NATHANIEL BROOKS**, was discriminated based on his race and color as to his promotions to Rescue Lieutenant.

80.     This discrimination occurred each time that he filed an EEOC charge and Plaintiff timely filed EEOC charges as to his multiple efforts to be promoted, despite his superior credentials and abilities.

81.     Plaintiff, **NATHANIEL BROOKS**, was not only denied the promotion to Rescue Lieutenant, but was also retaliated against by the Defendants by subjecting him to harassment, job transfer, and then with retaliatory conduct, including his termination from the Fire Department without any just cause or reason for BROOKS' protected action, complaining about discrimination and EEOC complaints.

82.     The termination was in retaliation for **BROOKS** complaining about discrimination and disparate treatment by Defendants based on race and his complaining about discrimination.

83.     The Plaintiff, **NATHANIEL BROOKS**, lost the pay and promotion, wages and overtime that he would have earned in the Rescue Lieutenant position which he began applying and as to the refusal to  promote **BROOKS** from 2012 forward.

84.     As Plaintiff, **NATHANIEL BROOKS**, continued to complain about the lack of Black African Americans in positions of authority with the fire department, especially at management positions, the Defendants set forth on a scheme to retaliate and further discriminate. Plaintiff, **BROOKS**, was investigated and terminated because of his complaints about discrimination of the **CITY OF CLEARWATER**.

85.     The Plaintiff, **NATHANIEL BROOKS**, seeks the following as damages:

a)      Back pay and overtime;

b)      Employment benefits, including pension benefits;

c)      Compensatory damages, including damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

d)      Interest;

e)      Costs and attorneys' fees;

f)      Promotion and salary increase; and

g)      Other equitable relief as the Court deems appropriate;

h)      Punitive damages.

WHEREFORE, Plaintiff, **NATHANIEL BROOKS**, prays this court for judgment against the Defendant, **CITY OF CLEARWATER**, and for all the damages set forth herein and for trial by jury on all issues so triable and for an award for court costs and attorneys' fees.

## COUNT II – RETALIATION AND DISCRIMINATION
## (EEOC COMPLAINT MAY 2017)

86.     Plaintiff, **NATHANIEL BROOKS**, repleads paragraphs 1 through 77 (General Allegations) as though fully set forth herein.

87.     This Count is against Defendants, **CITY OF CLEARWATER** and **JOSEPH ROSETO**.

88.    The Plaintiff, **NATHANIEL BROOKS**, was terminated on the basis of discrimination and retaliation for the Plaintiff's EEOC complaints and complaints about racial prejudice as to management positions with CFR.

89.    The Defendants engaged in a plan to retaliate for **BROOKS'** continued complaints about disparate treatment based on race and color regarding promotions, including the creation of a non-existent anonymous written tip (never produced) and using grounds for termination and retaliation never before applied to anyone else for termination sought to terminate **NATHANIEL BROOKS** based on matters that had nothing to do with his employment at the Clearwater Fire & Rescue for his  job required skills and abilities. (**NATHANIEL BROOKS** always received good reviews.)

90.    The Defendant, **JOSEPH ROSETO**, as director of the Human Resources Department, applied non-existent convictions from the when the Plaintiff was 19 years old and created grounds that had never been a basis for discharge of a veteran employee with CFR to ram through a wrongful termination.

91.    The Defendant, **ROSETO**, refused to look at any of the actual facts when they were presented to him by **NATHANIEL BROOKS** and then tried to offer money (payoff) to the Plaintiff, **NATHANIEL BROOKS** to resign from CFR, all in an effort to eliminate the Plaintiff, **NATHANIEL BROOKS**, from having any job with the Defendant and to preclude Plaintiff's ability to be promoted or considered for promotion with Clearwater Fire & Rescue and to punish him for seeking equal treatment in hiring and complaining about racial discrimination as to

management in the fire department (CFR).

92.     The Defendants' retaliation was clear and the **CITY OF CLEARWATER** acted to retaliate against the Plaintiff and wrongfully dismissed the Plaintiff.

93.     This left the Plaintiff, **NATHANIEL BROOKS**, without employment in Christmas of 2016 and the timing was intended to inflict the maximum injury on the Plaintiff and leave him unemployed with his family during the holidays with no future income, despite his veteran status as a Lieutenant with the fire department.

94.     Plaintiff, **NATHANIEL BROOKS**, was financially injured and suffered economic and emotional distress due to the loss of income from his job from on December 27, 2016 until September 2018 when he was reinstated by CFR and **CITY OF CLEARWATER**.

95.     No other person in the Clearwater Fire & Rescue or the **CITY OF CLEARWATER** was ever dismissed for the type of charges and complaints that Plaintiff, **NATHANIEL BROOKS**, was accused of and terminated for (wrongfully).

96.     The Plaintiff, **NATHANIEL BROOKS'** dismissal was based on racial animus and in retaliation for his EEOC complaints and continuous complaints about racial discrimination in the Clearwater Fire & Rescue and the disparate treatment he was receiving by the **CITY OF CLEARWATER** and the Clearwater Fire & Rescue.

97.     The Plaintiff, **NATHANIEL BROOKS**, seeks punitive damages against the individual Defendants, **ROSETO**  for his conduct and, if allowable, against the **CITY OF CLEARWATER**.

98.     The Plaintiff's dismissal caused him to be without employment with the **CITY OF CLEARWATER** from December 22, 2016 until his reinstatement by ruling of the arbitrator on August 20, 2018.

99.     The Plaintiff, **NATHANIEL BROOKS**, was forced to use his retirement to survive financially and economically while being wrongfully terminated and was subjected to great pain and suffering damage to his reputation and severe economic hardship.

100.    The Plaintiff, **NATHANIEL BROOKS**, spent his days trying to research all of the different ways other employees had been treated with the **CITY OF CLEARWATER** and none of them had been treated as Plaintiff was treated and working for a private ambulance company.

101.    Prior to this dismissal by the **CITY OF CLEARWATER**, meetings with **ROSETO** and others showed that the Defendants were acting to intentionally injure and contrary to established policy and even on completely untrue facts.

102.    **ROSETO** was set on dismissal of the Plaintiff, **NATHANIEL BROOKS**, as a punishment and deliberately and intentionally ignored the facts that showed most of the allegations were completely false and none of them had anything to do with Plaintiff's employment or job performance with the **CITY OF CLEARWATER (CFR)**.

103.   The Plaintiff, **NATHANIEL BROOKS**, seeks the following as damages:

a)   Back pay and overtime;

b)   Employment benefits, including pension benefits;

c)   Compensatory damages, including damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

d)   Interest;

e)   Costs and attorneys' fees;

f)   Promotion and salary increase; and

g)   Other equitable relief as the Court deems appropriate;

h)   Punitive damages.

WHEREFORE, Plaintiff, **NATHANIEL BROOKS,** demands judgment against the Defendants, **CITY OF CLEARWATER and JOSEPH ROSETO,** and for the damages set forth herein and for an award of costs and attorneys' fees and for trial by jury on all issues so triable.

## COUNT III – RETALIATION AFTER REINSTATEMENT
## (EEOC COMPLAINT MARCH 24, 2017)

104.   Plaintiff, **NATHANIEL BROOKS**, repleads paragraphs 1 through 77 as through fully set forth herein.

105.   This Count is against Defendants, **CITY OF CLEARWATER** and **JOSEPH ROSETO**.

106.   The Plaintiff, **NATHANIEL BROOKS**, was reinstated by arbitration decision almost 2 years after he was wrongfully dismissed by **JOSEPH ROSETO** and the **CITY OF CLEARWATER** acting in concert with Steve Strong.

107.   The Defendants, **ROSETO and CITY OF CLEARWATER**, were now entering into a malicious course of action that would retaliate and cause the Plaintiff **NATHANIEL BROOKS** to quit and not continue his CFR employment. (This was a discriminatory relationship.)

108.   The Plaintiff, **NATHANIEL BROOKS**, was at first advised that he would have to shadow a new recruit program. Plaintiff, **NATHANIEL BROOKS**, had been an acting driver operator from 2007 – 2010.

109.   After being promoted to Fire Lieutenant in 2012, **BROOKS** remained qualified to act as a driver operator and did so on numerous occasions, earning overtime pay. Upon **BROOKS'** reinstatement post-termination, he was not allowed to utilize his driver operator credentials which caused lost opportunity for overtime wages from August 2018 to the present.

110.   However, this was quickly changed to require full and daily participation with 20 – 28 year old new recruits (who were white, except for an Asian recruit) as to every aspect of the recruit school, including a demanding and rigorous regiment and daily testing of the Plaintiff.

111.   No one in the history of the Clearwater Fire & Rescue had ever returned to a position and been subjected to this kind of abuse. **NATHANIEL BROOKS** was 50 years old and was a Lieutenant in the fire department and had

taught the classes that were involved with fire and paramedic recruit and other training.

112.    The Defendants devised a 6-month new recruit program (clearly not applicable to a 50-year old lieutenant with 24 years' experience) to try to get the Plaintiff, **NATHANIEL BROOKS**, to quit and/or resign and also to humiliate him in front of the other recruits and the Clearwater Fire & Rescue.

113.    Plaintiff, **NATHANIEL BROOKS** was injured during the training and required medical attention. The Plaintiff's condition of reinstatement also required testing which, if not successful, would result in his failure to reach the conditions of reinstatement which conditions were created by **ROSETO** and/or the Clearwater Fire & Rescue administration which **ROSETO** controlled as these were at-will employees to the City Manager who followed **ROSETO's** recommendations.

114.    Plaintiff, **NATHANIEL BROOKS**, incurred damages, including pain, suffering and humiliation and other damages as a result of the Defendants' conduct and retaliation.

115.    Plaintiff, **NATHANIEL BROOKS**, took whatever efforts were necessary to try to address and discuss the abusive retaliatory conduct that he was being subjected to after reinstatement and that it had never been done to anyone else, but like the complaints about termination for no basis, the Defendants continued to intentionally and maliciously subject Plaintiff to punishment on a daily basis with the clear intention to humiliate, embarrass and hopefully cause resignation by Plaintiff, **BROOKS**.

116.   The Defendant misrepresented in papers directed to the Plaintiff, **NATHANIEL BROOKS**, and to others what they were actually doing to the Plaintiff with their new recruit class requirement that had never been done before (to other similarly situated employees) and was completely vindictive, intended to cause injury to **BROOKS** and to force **BROOKS** to resign. (Once **BROOKS** successfully completed the new recruit/punishment gauntlet, they told him he did not need to attend the graduation.)

117.   Many firefighters who knew what Plaintiff, **NATHANIEL BROOKS**, was going through told him they would have quit and not gone through the punishment.

118.   Plaintiff, **NATHANIEL BROOKS**, is determined to expose this conduct and make sure that it does not happen to another black employee or to anyone else, especially those who work at the Clearwater Fire & Rescue, not just as a livelihood but to save people's lives and perform public service for the good of the public as first responders.

119.   The Plaintiff, **NATHANIEL BROOKS**, is entitled to pain and suffering, damages, humiliation damages and punitive damages for the retaliatory conduct which was inflicted daily on him from October 1, 2018 to the first week of March 2019 and for loss of wages and overtime during all of this time period and any losses to the pension resulting from this demotion of pay for vindictive purposes.

120.   The Plaintiff, **NATHANIEL BROOKS**, seeks the following as

damages:

a)    Back pay and overtime;

b)    Employment benefits, including pension benefits;

c)    Compensatory damages, including damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses;

d)    Interest;

e)    Costs and attorneys' fees;

f)    Promotion and salary increase; and

g)    Other equitable relief as the Court deems appropriate;

h)    Punitive damages.

WHEREFORE, Plaintiff, **NATHANIEL BROOKS**, prays this Court for judgment against Defendants, **CITY OF CLEARWATER and JOSEPH ROSETO**, for all the damages set forth herein and for an award of costs, interest and attorneys' fees and trial by jury on all matters so triable.

Dated:  December 23, 2021.

**JAWDET I. RUBAII, P.A.**

*/s/ Jawdet I. Rubaii*
Jawdet I. Rubaii, Esq.
Attorney for Plaintiff, Nathaniel Brooks
1358 South Missouri Avenue
Clearwater, FL 33756
(727) 442-3800/Facsimile (727) 442-0504
FBN-276601/SPN-116744
Email: rubaiilaw@gmail.com
Secondary email: jrubaii@aol.com